IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   8:20-MJ-487 (GLF) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **GRAIGORY BROWN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## **STIPULATION**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, GRAIGORY BROWN, by and through counsel, Lisa Peebles, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from December 7, 2020 and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1) The chronology of this case is as follows:

   a) Date of complaint:  October 2, 2020

   b) Date of initial appearance:  October 2, 2020

   c) Defendant custody status: detained

   d) Date United States moved for detention:  October 2, 2020

   e) Date of detention hearing:  October 6, 2020

   f) Date detention decision issued:  October 6, 2020

g) There Court has previously ordered the following enlargements of time and exclusions under the Speedy Trial Act:

i) Order dated October 20, 2020 excluded the time period between October 19, 2020 and December 17, 2020.

2) The United States and/or the defendant request this exclusion based on the COVID-19 pandemic and because additional time is needed to review extensive discovery.

3) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because the continuance is necessary for the following reasons:

**COVID-19 Pandemic**

4) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on or about April 29 and May 13, June 12, August 5, October 12 and December 4, 2020 continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through March 8, 2021 because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18

U.S.C. § 3161(h)(7)(B)(iv). Furthermore, grand jury preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and other lay witnesses. In addition to concerns for the health of current and prospective grand jurors and the ability of the Court to obtain--and maintain--an adequate number of grand jurors as well as the lack of an opportunity for government counsel to prepare effectively, an ends-of-justice delay is particularly appropriate here because presentation of this matter to a grand jury involves grand jurors who must travel, putting themselves and others at risk of infection with the coronavirus. Specifically, grand jurors and witnesses will have to travel from disproportionately affected areas of the state to hear the case.

5) For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

### Reasons Unrelated to the COVID-19 Pandemic

6) Additionally, the government has provided counsel with extensive discovery and time is needed to review same. Accordingly, the delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (3161(h)(7)(B)(iv)).

7) The parties stipulate and agree that a period of 60 days beginning on and including December 7, 2020 to February 4, 2021 shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: December 7, 2020           ANTOINETTE T. BACON
                                  Acting United States Attorney

                    By:      _____
                             Douglas G. Collyer
                             Assistant United States Attorney
                             Bar Roll No. 519096

                             _____
                             Lisa Peebles, Esq.
                             Attorney for GRAIGORY BROWN
                             Bar Roll No. 507041

# **ORDER**

A. The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because this delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, and to allow the defendant to review discovery provided by the government which may negate the need for an indictment.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from December 7, 2020 to the date of February 4, 2021 and that time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of December 2020.

                                                          Hon. Gary L. Favro
                                                          United States Magistrate Judge